25CA1078 Zywicki v Stearns 08-13-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1078
City and County of Denver District Court No. 25CV31611
Honorable Mark T. Bailey, Judge

Michael Zywicki,

Plaintiff-Appellant,

v.

Rachelle Stearns, in her capacity as personal representative of the estate of decedent Michael Stearns,

Defendant-Appellee.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division IV
Opinion by JUDGE LUM
Welling and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 13, 2026

Zywicki Law Offices, Michael Zywicki, Denver, Colorado, for Plaintiff-Appellant

No Appearance for Defendant-Appellee

¶ 1    Plaintiff, Michael Zywicki, appeals the district court's order dismissing his case against defendant, Michael Stearns.  We reverse and remand for further proceedings consistent with this opinion.

## I.    Background

¶ 2    Zywicki sued Stearns for breach of contract, alleging Stearns failed to pay any fees or costs pursuant to their legal representation agreement.  Simultaneously, Zywicki filed a stipulation between the parties to repay the fees owed.  Stearns didn't answer or otherwise respond to the complaint.  Ten days later, the district court approved the stipulation and dismissed the case, stating, "It appears that the Stipulation constitutes a resolution of Plaintiff's claims in this action.  Therefore, this case is dismissed.  The attached Stipulation shall be binding on the parties in any proceedings to enforce the Stipulation or reduce it to judgment."  The court didn't specify the rule under which it dismissed the case.  Zywicki filed an objection to the dismissal, which the court denied, explaining it was the court's general practice to dismiss a case if the parties resolved the case by settlement.  Zywicki appeals.

## II.    Discussion

¶ 3    Zywicki contends that the district court erred by sua sponte dismissing his complaint when he "diligently prosecuted the case, no party [sought] dismissal, no hearing [was] conducted on the question of justifiable cause for dismissal[,] and no findings of willful default [were] made by the Court." We agree.

¶ 4    Notwithstanding the parties' stipulation to payment of the fees owed, Zywicki didn't voluntarily dismiss the case by filing either a notice or stipulation of dismissal. *See* C.R.C.P. 41(a). Instead, the district court sua sponte dismissed the case. Although the court didn't specify the rule it relied on in doing so, we can conceive of two possible options: (1) a C.R.C.P. 41(b)(2) dismissal for failure to prosecute and (2) a C.R.C.P. 12(b)(5) dismissal for failure to state a claim. We address each option in turn and conclude that, to the extent it was the court's intent to base its dismissal on either of these rules, it erred.

### A.    Standard of Review

¶ 5    We review de novo whether the district court applied the correct legal standard. *Tremitek, LLC v. Resilience Code, LLC*, 2023 COA 54, ¶ 23.

## B. Rule 41

¶6 Rule 41 allows a district court to dismiss an action that has not been prosecuted with due diligence. *See* C.R.C.P. 41(b)(2); C.R.C.P. 121, § 1-10(2). But before doing so, the court must give the parties thirty-five days' written notice "or require the parties to show cause in writing why the case should not be dismissed." C.R.C.P. 121, § 1-10(2); *see also Koh v. Kumar*, 207 P.3d 900, 901 (Colo. App. 2009) ("Compliance with the notice requirements of C.R.C.P. 41(b)(2) and 121 section 1-10 is required before a court may dismiss an action."). If the case has not been set for trial, no activity "in excess of [twelve] continuous months" is "deemed prima facie failure to prosecute." C.R.C.P. 121 § 1-10(3).

¶7 It doesn't appear the district court dismissed Zywicki's complaint under Rule 41. The court didn't provide the required written notice, and it didn't make any findings that Zywicki failed to prosecute his case. Moreover, the court dismissed the complaint only ten days after it was filed. If it was the court's intention to dismiss the complaint for failure to prosecute, it erred by not following the required procedures.

## C. Rule 12(b)(5)

¶ 8 Although disfavored, a court can sua sponte dismiss a complaint under Rule 12(b)(5) for failure to state a claim on which relief can be granted. *Schwartz v. Owens*, 134 P.3d 455, 457 (Colo. App. 2005). Rule 12(b)(5) provides a means to test the legal sufficiency of a plaintiff's complaint, requiring a district court to determine whether the plaintiff has asserted a claim upon which relief may be granted. *Hemmann Mgmt. Servs. v. Mediacell, Inc.*, 176 P.3d 856, 858 (Colo. App. 2007). To withstand that test, a plaintiff must plead sufficient facts that suggest plausible grounds to support a claim for relief. *Froid v. Zacheis*, 2021 COA 74, ¶ 29; *Warne v. Hall*, 2016 CO 50, ¶ 24.

¶ 9 A district court "should normally refrain from dismissing a complaint for failure to state a claim unless the deficiency is brought to its attention by the parties through pleadings or motions." *Schwartz*, 134 P.3d at 457. "If the court is inclined to dismiss a complaint sua sponte, it should, as a matter of fundamental fairness, if not due process, give the plaintiff an opportunity to persuade the court that dismissal is not proper." *Id.* (citing *Rubins v. Plummer*, 813 P.2d 778, 779 (Colo. App. 1990)).

4

That may especially be the case when, as here, pro se parties are involved.[1]

¶ 10    If it was the court's intent to dismiss Zywicki's case under Rule 12(b)(5), it erred by not explaining its rationale and giving Zywicki an opportunity to explain why dismissal was inappropriate prior to dismissing the case.[2]

¶ 11    We do not suggest that the district court is obligated to hold settled cases open in perpetuity while one party waits to see if the other breaches a settlement agreement.  Generally, the plaintiff must either litigate the case toward a judgment or dismiss it.  And if the plaintiff fails to do so, the court can act on its own within the confines of the applicable rules.  However, given that we aren't sure the rationale under which the district court dismissed Zywicki's complaint and given that Zywicki didn't have a chance to respond to that rationale before dismissal, we reverse the judgment and remand the case to the district court.

---

[1] Zywicki is an attorney representing himself.  Stearns did not make an appearance in this appeal but appears to be a pro se party in the district court proceedings.

[2] We express no opinion as to whether C.R.C.P. 12(b)(5) provides the court an avenue to dismiss this complaint or whether there might be a different substantive basis for dismissal.

## III.  Disposition

The judgment is reversed, and the case is remanded for proceedings consistent with this opinion.

JUDGE WELLING and JUDGE SCHOCK concur.